IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BENJAMIN SANGRAAL,         )
                           )
        Plaintiff,         )
                           )
  -vs-                     )   No. 16-cv-1246
                           )
TERESA COYLE,              )
                           )
        Defendant.         )

BEFORE U.S. MAGISTRATE JUDGE TOM SCHANZLE-HASKINS:

ORDER AND OPINION

Before the Court are Plaintiff's Ex Parte Motion to File Under Seal (d/e 1), Plaintiff's Ex Parte Motion to Proceed Pseudonymously for Good Cause Shown (d/e 4), Plaintiff's Ex Parte Motion for Service by Publication (d/e 5), and Plaintiff's Motion to Reconsider Re: CM/ECF Access (d/e 10). The case has been sealed since Plaintiff's original filing. The Court's ruling on each of these motions is set forth separately below.

BACKGROUND

Pro se Plaintiff Benjamin Sangraal filed this case in the Peoria Division of the Central District of Illinois on July 5, 2016. On July 28, 2016, this matter was transferred from the Peoria Division to the Springfield Division of the Central District of Illinois because the action arose in Logan County, Illinois, which is located in the Springfield Division of the Central

District. Text Order, 7/28/2016. On August 22, 2016, the undersigned was added to the docket as the Magistrate Judge assigned to the case.

With his initial filings, the pro se Plaintiff filed an Ex Parte Motion to Proceed In Forma Pauperis Without Prepayment of Fees and Costs and for Leave to File Electronically via CM/ECF (d/e 3) (IFP Motion). On September 13, 2016, the Court ordered the Plaintiff to complete the Court's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) and return it to the Court by September 28, 2016 so the Court could rule on Plaintiff IFP Motion. Text Order, 9/13/2016. Plaintiff did not file the Application within the deadline set by the Court, and consequently, the Court directed the Plaintiff to file the Application affidavit within ten days of the entry of its order or risk dismissal of the proceeding for want of prosecution. Text Order, 10/6/2016.

On October 17, 2016, the Plaintiff filed a sealed Letter (d/e 9) to the Court regarding his IFP Motion. In the Letter, Plaintiff requested the Court deny his IFP Motion, indicating that his financial situation had changed and he would pay the filing fee. The Plaintiff has paid the filing fee. Consequently, the Court denied Plaintiff's motion to proceed IFP. Likewise, the Court also denied the Plaintiff's motion to use the electronic filing

system and Plaintiff's Ex Parte Motion for Service of Process at Government Expense (d/e 6).  Text Order, 10/29/2016.

    1.    <u>Plaintiff's Ex Parte Motion to File Under Seal (d/e 1)</u>
          (Motion to File Under Seal)

The Motion to File Under Seal (d/e 1) requests that the Court permit the Plaintiff to file his complaint and all motions under seal.  Plaintiff asks that all documents in the case be sealed "as allowed by Illinois statute" for good cause shown.  Plaintiff states the factual basis for the motion is found within his Verified Complaint (d/e 2) (Complaint) and his Ex Parte Motion to Proceed Pseudonymously for Good Cause Shown (d/e 4) (Pseudonymous Motion).  Plaintiff indicates that he wants this case sealed because he is concerned with retaliation due to past instances of false criminal reports to governmental agencies, threats of physical violence and extortion.

The sealing of case documents in federal court is not governed by Illinois statutes.  Federal procedural rules and case law define the parameters of filing documents under seal in federal proceedings.

Rule 5.10 of the Local Rules of the Central District of Illinois sets forth the Local Rules for filing documents under seal in this Court.  In regard to sealed documents, Rule 5.10 states that:  "The Court does not approve of the filing of documents under seal as a general matter."  LR ILCD 5.10(A)(2).  All documents filed by the Plaintiff to date have been filed as

sealed documents due to the filing of Plaintiff's Motion to File Under Seal (d/e 1) with his initial case filings.

The Seventh Circuit has articulated the policy concerns which govern a court's decision on whether federal proceedings should be sealed in order to keep those proceedings private. In <u>Union Oil Co. of California v. Leavell</u>, 220 F.3d 562 (7th Cir. 2000), the Seventh Circuit considered the propriety of sealing court records in a case in which "almost every document . . . is filed under seal." The district court's opinions, orders, and judgment were also filed under seal. The district judge in that case did not explain the sealing order. <u>Id</u>. at 567. The Seventh Circuit observed that litigation about trade secrets and national security are litigated in the open, but only the trade secrets or specific national security documents are sealed in such cases. In other words, the entire proceeding is not conducted outside the view of the public. <u>Id</u>. at 567. The Seventh Circuit noted that the tradition that litigation is open to the public is a very longstanding part of American jurisprudence. The court held that judicial proceedings are public, rather than private, property, and the policies which justify the subsidy of the judicial system by the government also justify making court records and decisions of the court as open as possible. The court in <u>Union Oil Co. of California v. Leavell</u> stated as follows:

> What happens in the halls of government is presumptively public business. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification.

Id. at 568. The court further noted that "it should go without saying" that judges opinions and orders belong in the public domain. The court, in its decision in the <u>Union Oil</u> case, ordered that the district court, on remand, dissolve all confidentiality orders in the case. Id. at 568.

The Seventh Circuit has clearly stated that there is an assumption based on sound public policy that judicial proceedings are public proceedings which cannot be hidden with sealed court documents without compelling justifications. As a primary representative of this public interest in the judicial process, the district court judge is duty bound to review any requests to seal the court's record and not rubber-stamp requests to seal court documents in judicial proceedings. <u>Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.</u>, 178 F.3d 943, 945 (7th Cir. 1999).

With these guiding principles in mind, the Court turns to the interests listed by the Plaintiff which he asserts justify sealing this proceeding.

In his motion to file under seal, the Plaintiff alleges that the case should be filed under seal due to the "<u>substantial risk of personal harm</u>

involved". *(emphasis in original)* The Plaintiff requests to proceed "pseudonymously" under seal to prevent "possible public inference of his connection to the forthcoming civil lawsuit". Simply put, he does not want anyone to know the lawsuit involves him personally.

As noted above, Plaintiff indicates that the Complaint and his Pseudonymous Motion (d/e 4) contains a factual basis showing past instances of false criminal reports to governmental agencies, threats of physical violence and extortion. The Plaintiff proposes to proceed in the case with a fictitious name and asserts that any document drawing a connection between the Plaintiff's actual and fictitious names should be received and filed under seal.

In his Pseudonymous Motion, the Plaintiff cites 735 ILCS 5/2-401(e) to support his motion. This state statute does not govern filings in federal court. Plaintiff also cites Local Rule 5.11, Central District of Illinois, which states that personal identifiers should be removed from case identifying documents and litigants should consider "redacting or filing a motion to file under seal any document that contains information that might bring harm to anyone, or should not be made public for law enforcement or security reasons". Plaintiff construes the use of the word "harm" in LR 5.11 to provide protection to his "privacy rights" (d/e 4, pg 1). The Court does not

construe the reference to "privacy" or to "harm" in Local Rule 5.11 to include justification for sealing of documents simply because a litigant does not want the public to know who filed a lawsuit.

The Plaintiff's lawsuit asserts that he is bringing a tort action pursuant to Illinois statutes and Illinois law alleging libel, false light, invasion of privacy, personal character defamation, business defamation, interference with prospective advantage and injurious falsehood (or "trade libel"), intentional infliction of emotional distress, and other torts.  Complaint (d/e 2, pg 1).  The Plaintiff concedes that the Defendant would be made aware of the Plaintiff's identity based upon "instances of defamation" included in the complaint.  In the Pseudonymous Motion the Plaintiff asserts that he has "already been subject to wrongful bad light by act of the state, and it is in the interest of justice to reduce the impact of his wrongful conviction and incarceration".  He does not explain in detail the nature of his "wrongful conviction and incarceration".  Pseudonymous Motion (d/e 4, pg 1).  The Plaintiff asserts that "public prejudice" could result from Plaintiff's name and address being known which could be extremely damaging "due to the serious nature of the overturned criminal charges".  Pseudonymous Motion (d/e 4, pg 1).  Local Rule 5.11 and Federal Rule of Civil Procedure 5.2 permit a litigant to redact file documents to eliminate information which

discloses a party's street address, signature, year of birth, and Social Security number.

The Plaintiff describes the allegations contained in the complaint as "defamation far surpassing most similar claims" which calls for a heightened degree of protection of Plaintiff's identity.  The Plaintiff alleges he has been subject to extortion, false reports of criminal activity, and threats of physical harm by members of the Defendant's religious cult over the past several years.  The Plaintiff further requests that the Court "issue an order requiring the Defendant to respect the anonymity of the Plaintiff in regard to this civil action".

The Court has reviewed Plaintiff's Pseudonymous Motion as well as the allegations contained in the 14-page Verified Complaint (d/e 2). While Plaintiff's complaint provides lengthy allegations regarding alleged defamation, the allegations are not extraordinary in their content and deal at length with "insinuations" made by Defendant and others in a blog which Plaintiff states implies the existence of "undisclosed defamatory facts" (d/e 2, pgs 5-12).  The Complaint also does not contain facts sufficient to support Plaintiff's claims of false criminal reports, extortion, or threats of physical harm over the past several years.

The Plaintiff's conclusory assertions that the complaint and pleadings must be sealed due to extortion and threats of physical harm are not supported by the record, and his assertions provide no justification to seal the proceedings as requested by the Plaintiff. The Motion to File Under Seal is denied.

The Plaintiff has filed his Pseudonymous Motion seeking anonymity in the filing of the complaint. If the Court were to unseal the file at this time, Plaintiff's Pseudonymous Motion would be mooted as his identity would be disclosed. Hence, the Plaintiff would be denied the opportunity to object to this Order and would not be permitted to effectively assert his arguments that he should be able to file and litigate this case under an assumed name. Therefore, the Court stays the unsealing of this case for fourteen (14) days after service of this Order to give Plaintiff the opportunity to file objections to this Order with the District Judge. See Fed. R. Civ. P. 72(a); Local Rule 72.2(A). If the Plaintiff files objections within fourteen (14) days of service of this Order, the stay shall remain in effect until further order of the District Court.

    2.    <u>Plaintiff's Ex Parte Motion to Proceed Pseudonymously for Good Cause Shown (d/e 4)</u>  (Pseudonymous Motion)

As noted and discussed above, the Plaintiff has filed his Pseudonymous Motion seeking that he be permitted to pursue this action

under a fictitious name so that his identity as Plaintiff in this lawsuit is concealed. As noted above, Plaintiff's motion to file under seal states the Plaintiff's purpose, which is equally applicable to the Pseudonymous Motion, to prevent possible public inferences of his connection to this lawsuit.

The Seventh Circuit Court of Appeals has expressed concerns about plaintiffs litigating under a pseudonym. Doe v. City of Chicago, 360 F.3d 667 (7th Cir. 2004). In Doe, the court noted that judicial proceedings are supposed to be open to enable the proceedings to be monitored by the public. The concealment of a party's name impedes public access to the facts of the case, which include the party's identity. While the concealment of a party's name is not always improper, there is a presumption that the parties' identities are public information. The presumption can be rebutted by showing that the harm to the plaintiff exceeds the likely harm from concealment. Id. at 669.

The Seventh Circuit has repeatedly voiced its disfavor of parties proceeding anonymously as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes. To proceed anonymously a party must demonstrate "exceptional circumstances" that

outweigh both the public policy in favor of identified parties and the prejudice that would result from anonymity due to anonymous filing. Doe v. Village of Deerfield, 819 F.3d 372, 376-377 (7th Cir. 2016). In determining a request for anonymous filing, the court must balance the plaintiff's stated reasons supporting anonymity against the public's and parties' rights to the identities of the party and the potential prejudice to the opposing parties. Id. at 377.

    The court in Doe v. Village of Deerfield was presented with facts in which the defendants made false statements to a Village of Deerfield police officer which resulted in the plaintiff's arrest. The Village of Deerfield prosecuted the plaintiff for violations of two ordinances. Even though the Village became aware of the falsity of the allegations against the plaintiff during the prosecution, it nevertheless proceeded with prosecuting the plaintiff and refused to dismiss the charges. The criminal case was resolved in the plaintiff's favor and he obtained an order expunging his related arrest and prosecution records. The defendants filed motions to dismiss Doe's complaint and Doe filed a motion to proceed anonymously. Doe argued that having to reveal his true identity would thwart the purpose of the expungement of his criminal record and would embarrass him. The court denied the motion ruling that Doe's potential embarrassment was

insufficient to justify anonymity when balanced against the harm of anonymity and the right of the public and the litigants to be fully informed of the parties' identity.  Doe v. Village of Deerfield, Id. at 374-375.

The Plaintiff herein argues that "an invasion of his privacy rights constitutes harm" which justifies proceeding anonymously.  He also argues that, having been subject to "wrongful bad light by an act of the state", it is in the interest of justice to reduce the impact of his wrongful conviction and incarceration as well the "tortious statements" alleged in his complaint. Pseudonymous Motion (d/e 4, pg 1).  Thus, it appears it is the desire of the Plaintiff in this case is to anonymously make the allegations regarding "tortious statements" contained in his complaint and to disassociate himself with the "wrongful conviction" discussed in his complaint.  Verified Complaint (d/e 2, pg 4-5).

Plaintiff's "wrongful conviction" is a matter of public record.  A court can take judicial notice of judicial documents filed in related state court proceedings under Rule 201, Federal Rules of Evidence.  NuCal Foods, Inc. v. Quality Egg LLC, 887 F.Supp.2d 977 (E.D.Cal. 2012).  The facts underlying the "wrongful conviction" of Plaintiff, which he indicates led to his release in early June of 2015, are set forth in the Order of the Third District Appellate Court in People v. Sangraal, 2015 IL App(3d) 130177-U.  While

the Court's Order is an opinion issued under Rule 23 of the Supreme Court Rules of the State of Illinois which does not allow the order to be cited for its precedential effect except in limited circumstances, the circumstances under which the Third District Appellate Court reversed Plaintiff's convictions for child pornography and attempted child pornography are set forth in detail in the Court's Order.  Thus the Plaintiff's association with the conduct is already a matter of public record and is easily accessible to the public.  Even if the Plaintiff proceeded anonymously in this case, the facts are publicly available.  Plaintiff apparently seeks to avoid being connected with that public record by seeking anonymous filing in this case.  It seems inevitable that these matters will be disclosed in the context of the litigation in this case as it proceeds.  Likewise, the content of the blog discussed at length in the Complaint will necessarily be disclosed during the litigation.  Plaintiff seems to recognize this by asking, in the Pseudonymous Motion, that the Court issue an order requiring the Defendant to respect the anonymity of the Plaintiff in regard to this civil action.  Plaintiff apparently recognizes his overturned conviction and the content of the blog will be relevant in the context of the Defendant presenting a defense to the allegations of the complaint and seeks to prohibit the use of his connection

to the "embarrassing events" during the litigation and at trial. Litigants may not use the court system to attempt to conduct private litigation.

This Court finds, as did the court in Doe v. Village of Deerfield, Id. at 874-875, that Plaintiff's potential embarrassment in this case is insufficient to provide the exceptional circumstances necessary to justify anonymity in the conduct of this litigation. Plaintiff's potential embarrassment does not outweigh the right of the public and the litigants to be fully informed of the underlying facts of the case and the parties' identity. Therefore, the Plaintiff's Ex Parte Motion to Proceed Pseudonymously for Good Cause Shown (d/e 4) is denied.

As noted above, the Court has stayed the unsealing of this case at this time. In order to preserve the rights of the Plaintiff to fully litigate the issue of pseudonymous filing, the Court stays further proceedings in this case for fourteen (14) days to give Plaintiff the opportunity to file objections to this Order with the District Judge. If the Plaintiff files objections, the Court stays further proceedings in this matter until further order of the District Court.

    3.    Plaintiff's Ex Parte Motion for Service by Publication (d/e 5) (Publication Service Motion)

Plaintiff notes in his Publication Service Motion that he believes the Defendant is a citizen of California doing business in Illinois. The Plaintiff

indicates the Defendant's current and/or former address is unknown. Plaintiff correctly notes that Federal Civil Procedure allows service in civil cases in any way authorized by relevant state court procedure and requests that he be allowed to serve the Defendant by publication under Illinois law. Rule 4 of the Federal Rules of Civil Procedure allows an individual residing within a judicial district of the United States to be served by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. It is apparent from the motions filed by Plaintiff that he does not know the current whereabouts of the Defendant.

Illinois law is the law of the applicable state where this District Court is located. Illinois law allows service by publication only in actions affecting property or status within the jurisdiction of the court, including an action to obtain specific performance reformation or rescission of a contract for the conveyance of land. See 735 ILCS 5/2-206. Section 5/2-206 by its own terms, is limited to *in rem* actions. The law is well settled that a purely personal decree is not binding against a non-resident who is notified of the proceeding by publication and does not appear. <u>Lain v. John Hancock Mut. Life Ins. Co.</u>, 79 Ill.App.3d 264, 274-275 (1st Dist. 1980). An *in rem* proceeding is one which effects specific property within the jurisdiction and

does not adjudicate a personal claim or personal liability.  Jayko v. Fraczek, 2012 IL App (1st) 103665.  The Plaintiff in this case seeks to impose personal liability on the Defendant for various tort claims under Illinois law. The Illinois statute allowing service by publication is not applicable in this case.

Therefore, the Plaintiff's Ex Parte Motion for Service by Publication (d/e 5) is denied.

The Court notes that the basis of federal jurisdiction asserted by the Plaintiff in this case is based solely on diversity of citizenship under 28 U.S.C. §1332.  As previously noted, the allegations of diversity are based upon Plaintiff's "belief" that the Defendant resides in California, but the Plaintiff admits he does not know her domicile or her whereabouts. Complaint (d/e 2). In his Motion for Service by Publication, Plaintiff again indicates his belief that the Defendant is a citizen of California, but also indicates that the Defendant's current or former address is unknown. Plaintiff's complaint only indicates that the Defendant is "believed to reside in California".  It does not allege the Defendant is a California citizen and citizenship, not residence, is the determinative test for diversity jurisdiction. McMahon v. Bunn-O-Matic, Corp., 150 F.3d 651, 653 (7th Cir. 1998). The claims asserted by the Plaintiff are exclusively claims based upon state law

and there is no allegation of federal jurisdiction other than diversity. The Court notes that the allegations contained in the complaint may be insufficient to satisfy jurisdictional requirements for diversity. A complaint asserting diversity jurisdiction must allege the citizenship of an individual party, not merely his or her residence. 28 U.S.C. § 1332(a)(1) & (d)(2)(A); Meyerson v. Harrah's E. Chi. Casino, 299 F.3d 616, 617 (7th Cir.2002); Held v. Held, 137 F.3d 998, 1000 (7th Cir.1998). Allegations of "residence" are jurisdictionally insufficient. Steigleder v. McQuesten, 198 U.S. 141, 142 (1905). Dismissal is appropriate where parties allege residence but not citizenship. Held, 137 F.3d at 1000.

The Plaintiff in this case must sufficiently allege and prove citizenship to sustain jurisdiction. The Plaintiff, of course, may voluntarily dismiss this case and proceed in state court where diversity of citizenship is not required. As noted above, all the claims asserted by the Plaintiff are based upon Illinois, not federal, law.

    4.    Plaintiff's Motion to Reconsider Re: CM/ECF Access (d/e 10) (Motion to Reconsider)

Plaintiff has filed a motion requesting the Court to reconsider its denial of Plaintiff's motion to file electronically. In the Motion to Reconsider the Plaintiff notes that he has been granted leave to file electronically in other litigation conducted in the federal courts of the State of Illinois. This

includes electronic filing within the Peoria Division of the Central District of Illinois. The Plaintiff indicates he is familiar with electronic filing procedures. The Court reconsiders its decision denying the Plaintiff's request to file electronically and vacates its prior order (Text Order, 10/19/2016) denying electronic filing to the Plaintiff and grants Plaintiff's Motion to Reconsider. Plaintiff may proceed in this case via use of CM/ECF.

## CONCLUSION

WHEREFORE, IT IS ORDERED:

A. Plaintiff's Ex Parte Motion to File Under Seal (d/e 1) is DENIED. The Court enters a stay of this decision so that the case may remain UNDER SEAL for fourteen (14) days from the service of this Order to allow Plaintiff to file objections to this Order with the District Judge. If objections are filed, the stay shall remain in place until further order of the District Court;

B. Plaintiff's Ex Parte Motion to Proceed Pseudonymously for Good Cause Shown (d/e 4) is DENIED. In order to preserve the rights of the Plaintiff to fully litigate the issue of pseudonymous filing, the Court STAYS further proceedings in this case for fourteen (14) days from service of this Order, so Plaintiff may file objections to this Order with the District

Judge.  If a timely objection is filed, the Court STAYS further proceedings in this matter until further order of the District Court;

  C. Plaintiff's Ex Parte Motion for Service by Publication (d/e 5) is DENIED; and,

  D. Plaintiff's Motion to Reconsider Re: CM/ECF Access (d/e 10) is ALLOWED.  Plaintiff may proceed in this case via use of CM/ECF.

  ENTERED: November 1, 2016

        *s/ Tom Schanzle-Haskins*
        TOM SCHANZLE-HASKINS
       UNITED STATES MAGISTRATE JUDGE