## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BENJAMIN K SANGRAAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-cv-01246 |
| | ) | |
| TERESA COYLE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter is before the Court on Plaintiff's Motion to Reopen Time to File Notice of Appeal (d/e 15). On August 13, 2020, a text order was entered dismissing this action without prejudice for lack of jurisdiction. Federal Rule of Appellate Procedure 4(a)(7)(A)(ii) reads: "[a] judgment or order is entered for purposes of this Rule 4(a) . . . if Federal Rule of Civil Procedure 58(a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs: the judgment or order is set forth on a separate document, or 150 days have run from the entry of the

judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a)." Here, a judgment has been entered because over 150 days have run since the text order dated August 13, 2020.

Usually, "[dismissal without prejudice] does not qualify as an appealable final judgment because the plaintiff is free to re-file the case." Larkin v. Galloway, 266 F.3d 718, 721 (7th Cir. 2001). However, a dismissal without prejudice is an appealable final order if it ends the suit so far as the district court is concerned, United States v. Wallace & Tiernan Co., 336 U.S. 793, 794 n.1 (1949), or if "there is no amendment a plaintiff could reasonably be expected to offer to save the complaint, or if a new suit would be barred by the statute of limitations." Glaus v. Anderson, 408 F.3d 382, 386 (7th Cir. 2005). But a dismissal without prejudice is not appealable if it amounts to merely telling the plaintiff "to patch up the complaint, or take some other easily accomplished step"; in that event it "is no more reviewable than the resolution of a discovery dispute or equivalent interlocutory ruling." Strong v. David, 297 F.3d 646, 648 (7th Cir. 2002).

A dismissal without prejudice is treated for statute of limitations purposes as if suit had never been filed. Elmore v.

Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000).  Plaintiff's complaint asserts that he is bringing a tort action pursuant to Illinois statutes and Illinois law alleging libel, false light, invasion of privacy, personal character defamation, business defamation, interference with prospective advantage and injurious falsehood (or "trade libel"), intentional infliction of emotional distress, and other torts (d/e 2, p. 1).  Illinois defamation actions have a one-year statute of limitations that begins to run when the alleged defamatory statement was published.  735 ILCS 5/13-201 ("Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued."); Buechele v. St. Mary's Hosp., 509 N.E.2d 744, 745–46 (Ill. App. Ct. 1987).  The statute of limitations on a defamation count in Illinois generally begins to run on the date of publication of the allegedly defamatory material.  Bryson v. News Am. Pub'ns, Inc., 672 N.E.2d 1207, 1222 (1996).  Intentional infliction of emotional distress actions have a two-year statute of limitations.  735 ILCS 5/13-202.  Therefore, any defamation and intentional infliction of emotional distress claim Plaintiff may have had expired no later than March 28, 2014 and March 28, 2015,

respectively.  <u>See</u> Complaint (d/e 2) (identifying March 28, 2013 as the date in which Defendant posted a blog entry about Plaintiff).

Assuming that this Court's dismissal without prejudice for lack of jurisdiction is appealable, Federal Rule of Appellate Procedure Rule 4(a)(6) permits the Court to reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all three following requirements are met: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the enter, whichever is earlier; and (C) the court finds that no party would be prejudiced.

First, the requirement of Rule 4(a)(6)(A)—that the Court find that Plaintiff did not receive notice under Federal Rule of Civil Procedure 77(d) of the court's dismissal order within 21 days after such order was entered on August 13, 2020—is not met. Instead, the court finds Plaintiff did receive such notice.  Under Federal Rule of Civil Procedure 77(d)(1), after an order of dismissal is entered,

"the clerk must serve notice of the entry, as provided in Rule 5(b),
on each party who is not in default for failing to appear."  Federal
Rule of Civil Procedure 5(b) provides that a paper is served under
the rule by "mailing it to the person's last known address—in which
event service is complete upon mailing."  In the present case, the
docket indicates that notice of the court's order of dismissal was
delivered to Plaintiff at the following address: 616 N. Logan St.
Lincoln, IL 62656.  This address matches what then was Plaintiff's
last known address—i.e., the address provided by Plaintiff in his
Complaint and his subsequent filings.  The notice was postmarked
on August 17, 2020.  The notice was returned as undeliverable on
September 9, 2020.  Although the notice was returned as
undeliverable, Plaintiff received proper notice pursuant to Rule
77(d) within 21 days after the order was entered on August 13,
2020.  Plaintiff did not file a notice of change of address until
December 5, 2022.  As a result, the requirement of Rule 4(a)(6)(A) is
not satisfied.

Second, the requirement of Rule 4(a)(6)(B)—that Plaintiff's
motion to reopen the time to file an appeal be timely filed—is not
met.  Rule 4(a)(6)(B) requires that Plaintiff's motion be filed by one

1:16-cv-01246-SEM-KLM  # 17  Filed: 02/08/23  Page 6 of 7

of two deadlines, whichever is earlier: (i) within 180 days after the court's dismissal order was entered on August 13, 2020, or (ii) within 14 days after Plaintiff received notice under Federal Rule of Civil Procedure 77(d) of the order. Under either deadline, Plaintiff's Motion (d/e 15) is untimely by several years. As such, the requirement of Rule 4(a)(6)(B) and the requirements for reopening the time to file an appeal are not met. For the aforementioned reasons, the Court DENIES Plaintiff's Motion (d/e 15). Defendant's Ex Parte Objections to Order (d/e 12) are DENIED as MOOT because of the Court's dismissal without prejudice.

Before the Court is also Defendant's Motion for Copies of Pleadings and for Confidential Telephonic Protocols (d/e 16). Defendant requests that the Court direct the Clerk to send a single copy of all pleadings and all other documents in this case as marked "PRIVILEGED." Plaintiff also requests that the Court waive the Clerk's usual fees for copies. Plaintiff indicates that he intends to proceed in forma pauperis. Plaintiff also request that a procedure be enacted to allow him to contact the Clerk of the Court by telephone with a password. Defendant's Motion (d/e 16) is DENIED because this case has been closed since August 13, 2020.

**IT IS THEREFORE ORDERED:**

(1)      **Defendant's Motion to Reopen Time to File Notice of Appeal (d/e 15) is DENIED.**

(2)      **Defendant's Motion for Copies of Pleadings and for Confidential Telephonic Protocols (d/e 16) is DENIED.**

**IT IS SO ORDERED.**
**ENTERED: February 8, 2023.**
**FOR THE COURT:**

          /s/ Sue E. Myerscough
          **SUE E. MYERSCOUGH**
          **UNITED STATES DISTRICT JUDGE**